## Gordon Lubricating Company *v.* Allegheny County Board of Property Assessment, Appeals and Review, Appellant.

Argued November 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Harold Gondelman,* Assistant County Solicitor, with him *Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellant.

*Frank W. Ittel,* with him *Frank W. Ittel, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY WOODSIDE, J., December 16, 1964:

This is an appeal from the order of the Court of Common Pleas of Allegheny County reversing the County Board of Property Assessment, Appeals and Review which had held that certain oil tanks were taxable as real estate. The court excluded the tanks from taxation on the ground that they were "within the category of machinery, tools and other equipment contemplated in the Act of 1933, P. L. 853 as amended."

The relevant statute provides:

"Section 201. Subjects of Taxation Enumerated— The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to wit: Houses, house trailers permanently attached to land, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves,

and all other real estate not exempt by law from taxation. Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or industrial establishment shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment: . . ." The General County Assessment Law of May 22, 1933, P. L. 853, §201(a), as amended, July 16, 1957, P. L. 954, 72 P.S. §5020-201.

The question here is simply whether the oil tanks at issue are "equipment contained in any . . . industrial establishment," as the term is used in the above act.[1]

In *Gulf Oil Corporation v. Philadelphia,* 357 Pa. 101, 53 A. 2d 250 (1947), the Supreme Court held that oil storage tanks in which take place physical and chemical processes necessary to the processing of the manufactured product are entitled to exclusion from tax assessment as machinery.

In *Humphreys v. Stuart Realty Corporation,* 364 Pa. 616, 73 A. 2d 407 (1950), the Court held that oil storage tanks were *not* structures for the purposes of a zoning ordinance. Comparing storage tanks to "cans, casks, vats, tuns or other types of containers," the Court said that such tanks "in cases involving tax

[1] The 1957 amendment to The General County Assessment Law affected only Allegheny County. Machinery had previously been excluded from the tax bases of the city and school district of Pittsburgh by the Act of May 12, 1911, P. L. 287, amending the Act of March 7, 1901, P. L. 20, 53 P.S. §23105. It had also been excluded from the tax base in Philadelphia by the Act of June 3, 1915, P. L. 787, 53 P.S. §15976; and in Third through Eighth Class Counties by the Acts of July 28, 1953, P. L. 701 and July 29, 1953, P. L. 984, amending the Act of May 22, 1933, P. L. 853, 72 P.S. §5020-201, and the Acts of July 17, 1953, P. L. 464 and July 28, 1953, P. L. 703, amending the Act of May 21, 1943, P. L. 571, 72 P.S. §5453.201. The 1957 amendment affecting Allegheny County, unlike the other legislation excluding machinery from taxation, provided for its elimination over a five year period beginning January 1, 1958.

statutes [are almost invariably held] to constitute nothing more than part of the apparatus and equipment of the business; if installed merely for the benefit of the industry conducted on the premises and of no particular benefit to the land if the industry were removed they are regarded as personal property in the nature of trade appliances or machinery. [Citing Gulf Oil Corporation v. Philadelphia, supra.]"

The Supreme Court in *Jones and Laughlin Tax Assessment Case,* 405 Pa. 421, 175 A. 2d 856 (1961), after reviewing the judicial and legislative history of the "assembled industrial plant—machinery exclusion" doctrine, stated (at pp. 431, 432):

"Therefore, it is our considered conclusion, under the statute involved, improvements, whether fast or loose, which are used directly in manufacturing the products that the establishment is intended to produce and are necessary and integral parts of the manufacturing process and are used solely for effectuating that purpose, are excluded from real estate assessment and taxation. On the other hand, improvements which benefit the land generally and which may serve various users of the land, are not in this category. Neither are structures, which are not necessary and integral parts of the manufacturing process and which are separate and apart therefrom, within the exclusion. A structure used for storage, for example, is part of the realty and subject to real estate taxation." (Emphasis omitted.)

The appellant rests its case largely on the last sentence of the above quoted paragraph. Although the statement is dicta, it is worthy of considerable weight because it represents a recent expression of the Supreme Court on claims for the exclusion of storage tanks from taxation as real estate.

However, we think it was not meant to apply to tanks used in the manner of the ones here in issue.

In the first place, the court below, after detailing the industrial operation of this taxpayer, found that "The three tanks involved here are not mere storage receptacles in the sense that the contents contained therein are drawn on occasions nor can they be considered apart from the remaining operations of the plant. On the contrary, something is constantly happening with the tanks or in the tanks in such a fashion as to make the tanks an integral part of the [company's] operations. Without the tanks, [the company] could not operate its business." Our review of the record convinces us that the processes utilized in and by means of these tanks bring them within the Supreme Court's holding in *Gulf Oil Corporation v. Philadelphia,* supra.

Furthermore, the Court in *Jones and Laughlin Tax Assessment Case,* supra, rejected the common law fixtures doctrine as the test for defining real estate for taxation purposes and substituted the use test. In the light of such a use test, the oil storage tanks here involved are not structures useable for storage *generally* as would be, for example, ordinary warehouses and garages. Rather these oil storage tanks necessarily have a use *restricted* to the specific industry and a limited number of similar industries.

Order affirmed.